UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:19-CV-92 |
| | § | |
| FERNANDO GUTIERREZ | § | |

## MEMORANDUM AND ORDER

Before the Court is the Government's Motion for Default Judgment (Dkt. No.

6). Having considered the motion, the record, and the applicable law, the

Government's motion is **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

The Government commenced this action against Defendant Fernando

Gutierrez pursuant to 28 U.S.C. 1345, to recover the unpaid balance on Defendant's

medical bills owed to the United States (Dkt. No. 1). In its complaint, the

Government alleges that Defendant has not paid for medical services that he received

at the Brooke Army Medical Center in Houston, Texas (*id.*). Attached to the

complaint are a hospital invoice and a certificate of indebtedness. The invoice reflects

that Defendant was a patient at the Brooke Army Medical Center from May 6, 2015

to May 8, 2015, with a follow-up appointment on June 15, 2015 (Dkt. No. 1-1). The

certificate of indebtedness[1] explains that Defendant, who is uninsured, was billed for

the medical services provided and then sent four demand letters in 2015 and 2016.

---

[1] The certificate is signed by Regina Crisafulli, a Financial Program Specialist at the Treasury
Department (Dkt. No. 1-2).

It asserts that Defendant "accepted the services provided" and therefore is obligated to pay for them (*id.*).

Despite having been properly served with process on September 3, 2019 (Dkt. No. 2), Defendant did not submit an answer or otherwise appear in this case. Accordingly, the Clerk of Court granted the Government's request for an entry of default (Dkt. Nos. 4, 5). The Government then filed the present motion for default judgment, which seeks to recover hospital bills, pre- and post-judgment interest, administrative fees, costs, and penalties (Dkt. No. 6). After a preliminary review of the motion, the Court ordered the Government to submit additional briefing (Dkt. No. 9), and the Government filed a response (Dkt. No. 10). The Court also gave Defendant another "opportunity to appear in this matter" before it entertained the Government's default judgment motion (Dkt. No. 7). To date, however, Defendant has made no attempt to participate in this case.

## II. LEGAL STANDARD

'Default,' as provided in Rule 55 of the Federal Rules of Civil Procedure, involves a two-step process: the entry of default and the subsequent entry of a default judgment. *See, e.g., Simmons v. Twin City Towing*, 425 F. App'x 401, 404 (5th Cir. 2011). At the first step, the Clerk must issue an entry of default when a party has demonstratively failed to respond to a complaint in the time allotted. FED. R. CIV. P. 55(a). At the second step, the Court may enter a default judgment upon motion by the plaintiff. FED. R. CIV. P. 55(b)(2). A default judgment is a drastic remedy, to which a plaintiff is not entitled as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767

(5th Cir. 2001) (citations omitted). Whether to grant a default judgment is committed to the discretion of the district judge. *Sindhi v. Raina*, 905 F.3d 327, 331 (5th Cir. 2018).

## III. ANALYSIS[2]

### A. The Government's complaint is well-pleaded.

Before the Court may award a default judgment, there must be a "sufficient basis in the pleadings" to establish the defendant's liability. *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). By defaulting, a defendant is deemed to admit all "well-pleaded allegations" in the complaint, but he is "not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). To determine whether an allegation is "well-pleaded," the Fifth Circuit looks to Rule 8, which governs the sufficiency of a complaint. *Id.* at 498. Under that standard, "[d]etailed factual allegations are not required, but the pleading must present more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (cleaned up).[3]

---

[2] The jurisdictional prerequisites are met. The Court has subject-matter jurisdiction over actions brought by the United States. 28 U.S.C. § 1345. It has personal jurisdiction because Defendant is a citizen of Texas, properly served in accordance with Rule 4 (Dkt. No. 2).

[3] The Court may also consider documents attached to a complaint that are central to the plaintiff's claim, because "these attachments are considered part of the pleadings." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

The pleadings sufficiently allege Defendant's liability under 28 U.S.C. § 1345, for a debt owed to the United States.[4] The Government has shown that Defendant was a patient at the Brooke Army Medical Center for two days in May 2015 (Dkt. No. 1). The Government has attached the hospital invoice to its complaint, which provides an accounting of the medical expenses that Defendant incurred during his stay (Dkt. No. 1-1). The Government also has attached a certificate of indebtedness, which shows that the Government repeatedly tried to obtain payment from Defendant when it was discovered that he did not have health insurance (Dkt. No. 1-2). The evidentiary record reflects that Defendant has not made any payments on the debt (Dkt. Nos. 1-1, 1-2). Accordingly, the Government has sufficiently established Defendant's liability. *See United States v. Giles*, 538 F. Supp.2d 990 (W.D. Tex. 2008) (granting default judgment under 28 U.S.C. § 1345 where Government established that defendant defaulted on promissory note); *United States v. Campbell*, No. 19-CV-2797 (AMD), 2020 WL 534716, at *1 (E.D.N.Y. Jan. 9, 2020) (same, where Government established right to "recover the unpaid balance of defendant's federal student loans").

---

[4] As noted above, the Court ordered the Government to submit additional briefing to clarify the legal basis for its motion (Dkt. No. 9). In its response, the Government asserted that its cause of action arose under 32 C.F.R. § 108.4, a federal regulation that authorizes civilian patients to receive emergency health care from military hospitals on a "reimbursable basis" (Dkt. No. 10). The Court is not aware of any authority for the proposition that 32 C.F.R. § 108.4 creates a right of action in federal court. Nevertheless, as the plaintiff, the Government may proceed under 28 U.S.C. § 1345, which was pled in the complaint as the basis for subject-matter jurisdiction. *See* 1 FED. PROC., L. ED. § 1:378 ("[T]he government need not have any specific statutory authorization for a particular action inasmuch as general jurisdiction is conferred by 28 U.S.C. § 1345.").

**B. Default judgment is procedurally warranted.**

As a matter of discretion, the Court also finds that default judgment is appropriate under the circumstances. *See Lewis*, 236 F.3d at 767 (a plaintiff is "not entitled to a default judgment as a matter of right"). Relevant factors include whether: (1) material issues of fact exist; (2) the ongoing litigation prejudices the plaintiff; (3) the grounds for default are clearly established; (4) the default resulted from a good faith mistake or excusable neglect; (5) a default judgment would cause undue harshness; and (6) the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

First, because Defendant has not answered the Government's complaint, he has not placed any material issues in dispute. *Fagan v. Lawrence Nathan Assocs., Inc.*, 957 F. Supp.2d 784, 797 (E.D. La. 2013). Second, Defendant's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing [the Government's] interests." *Anderson v. E. Asset Servs., LLC*, No. 3:19-CV-0778-B, 2019 WL 2141664, at *3 (N.D. Tex. May 16, 2019) (citation omitted). Third, the grounds for default are clearly established in that Defendant was served with a copy of the complaint over six months ago and a copy of the default judgment motion over four months ago. *See Rivera v. Nat'l Check Processing, LLC*, No. SA-10-CA-605-XR, 2011 WL 996340, at *2 (W.D. Tex. Mar. 17, 2011).

Fourth, the Court has no evidence to indicate that Defendant's silence is the result of a good faith mistake or excusable neglect. *Cf. Elite v. KNR Group*, 216 F.3d 1080 (5th Cir. 2000) (default judgment was inappropriate where defendant wrote a

letter explaining his failure to appear). Fifth, a default judgment would not be unduly harsh because Defendant has been repeatedly notified of his obligations since 2015. *Rivera*, 2011 WL 996340, at *2. And, sixth, the Court is not aware of any basis for setting aside a default judgment upon motion by Defendant.

## C. Damages

The Government seeks to recover:

- $40,893.82 for the principal on Defendant's hospital bills;
- $525.00 in costs (filing and process server fees);
- $5,922.32 in penalties for non-payment;
- $17,268.99 in administrative fees;
- Pre-judgment interest of $1.12 per day from October 24, 2018 to the date of judgment; and
- Post-judgment interest at the applicable federal rate[5]

(Dkt. Nos. 1-2 at 1; 6 at 4).

Based on the Government's complaint, default judgment motion, and attached evidence, the Government is entitled to recover, as detailed above, the principal on the debt, pre- and post-judgment interest, and costs. *See, e.g., United States v. Garza*, No. 3:19-CV-0188-S, 2019 WL 4452147, at *4 (N.D. Tex. Aug. 22, 2019). The Government also is entitled to recover the penalty assessed in the amount of $5,922.32. *See* 31 U.S.C. § 3717(e)(2) (authorizing "a penalty charge of not more than 6 percent a year for failure to pay a part of a debt more than 90 days past due").

---

[5] Post-judgment interest is calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[ ] the date of the judgment." 28 U.S.C. § 1961.

However, the Government is not entitled to recover the requested administrative fee. Under 31 U.S.C. §§ 3711(g)(6) and 3717(e)(1), a federal agency may charge an administrative fee sufficient to "cover the cost of processing and handling a delinquent claim." Apart from quoting a fee of $17,268.99, however, neither the complaint nor the default judgment motion explains how that figure corresponds to the cost of processing Defendant's claim.

As a result, the Court ordered the Government to provide additional briefing, to include a "detailed accounting of the $17,268.99 administrative fee" and an explanation of how that amount "related to the cost of implementing debt collection as required by statute" (Dkt. No. 9 at 2). In its response, the Government explains that the administrative fee is comprised of a Treasury Department fee ($15,301.82) and a Justice Department fee ($1,952.17).[6] Yet the Government makes no attempt to show how this fee structure — which amounts to about a 42% surcharge on the debt — relates to the cost of processing Defendant's delinquent claim.

At least one district court has considered this same fee structure "charged by the Treasury and the Department of Justice" and concluded that the amount was unjustified. *U.S. Small Bus. Admin. v. Branson Properties, LC*, No. 215-CV-656-JNP-BCW, 2016 WL 6902123, at *2 (D. Utah Nov. 23, 2016). As the *Branson Properties* court explained, "This requested administrative fee award is not based upon an

---

[6] According to the response, the Treasury fee is calculated by adding the principal, interest, and penalty, and multiplying that amount by 32%. The Justice Department fee is calculated by adding the principal, interest, penalty, and treasury fee, dividing by .97, then multiplying by .03. The total amount also includes a separate Defense Department administrative fee of $15 (Dkt. No. 10 at 4–5).

evaluation of the actual expenses incurred by federal agencies in collecting on the debt, but rather on a web of statutes, regulations, public laws, and administrative decisions regarding inter-agency charges for debt collection that assess fixed percentages on the amount owed." *Id.*; *see also United States v. A.R.A.Z., Inc.*, 03-CV-6307(NG)(VVP), 2007 WL 2693668 (E.D.N.Y. Sept. 10, 2007) (declining to award administrative fee when Government "offers no explanation for how the rather large amount requested ... constitutes a fee that is in any way related to the cost of implementing debt collection as required by the statute").

Given the Government's similar failure in this case to establish any connection between the amount of the fee and the cost of processing Defendant's claim, the Court similarly declines to award the administrative fee requested.

## IV. Conclusion

For the reasons above, the Government's motion for default judgment (Dkt. No. 6) is **GRANTED in part** and **DENIED in part**. A separate judgment in favor of the United States will be entered for: (1) $40,893.82 in hospital bills; $5,922.32 in penalties; (3) $525 in costs; (4) pre-judgment interest; and (5) post-judgment interest.

It is so **ORDERED**.

**SIGNED** March 26, 2020

Marina Garcia Marmolejo
United States District Judge